UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEITH DONNELL BRYSON,

    Petitioner,

v.                                         Case No: 6:15-cv-2046-Orl-31KRS
                                                 (6:14-cr-84-Orl-31KRS)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This cause is before the Court on the Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1) filed by Petitioner pursuant to 28 U.S.C. § 2255. The Government filed a Response in Opposition to the Motion to Vacate ("Response," Doc. 4) in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Petitioner filed a Reply (Doc. 5) and an Amended Reply (Doc. 9) to the Response. For the following reasons, the Motion to Vacate is denied.

        I.        PROCEDURAL BACKGROUND

A Grand Jury charged Petitioner and two other individuals in a twenty-four count Indictment with the commission of various crimes. (Criminal Case No. 6:14-cr-84-Orl-31KRS, Doc. 1).[1] Petitioner entered into a Plea Agreement (Criminal Case Doc.

---

[1] Criminal Case No. 6:14-cr-84-Orl-31KRS will be referred to as "Criminal Case."

45) in which he agreed to enter a guilty plea to Count One of the Indictment (conspiracy to defraud the United States). Petitioner entered his plea before Magistrate Judge Karla R. Spaulding, who filed a Report and Recommendation Concerning Plea of Guilty (Criminal Case Doc. 51) recommending that the Plea Agreement and the guilty plea be accepted and that Petitioner be adjudged guilty and have sentence imposed accordingly.

The Court then entered an Acceptance of Plea of Guilty and Adjudication of Guilt (Criminal Case Doc. 59) in which the guilty plea was accepted and Petitioner was adjudicated guilty of the offense. On December 9, 2014, the Court entered a Judgment in a Criminal Case (Criminal Case Doc. 94) in which Petitioner was sentenced to imprisonment for a term of 40 months, to be followed by supervised release for a period of two years. Petitioner did not file a direct appeal.

## II. LEGAL STANDARD

Section 2255 permits a federal prisoner to bring a collateral challenge by moving the sentencing court to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). "A petitioner is entitled to an evidentiary hearing if he "alleges facts that, if true, would entitle him to relief." *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015) (citation and quotation omitted). However, "a defendant must support his allegations with at least a proffer of some credible supporting evidence." *United States v. Marsh*, 548 F. Supp. 2d 1295, 1301 (N.D. Fla. 2008). The Court "is not required to grant a petitioner an evidentiary hearing if the § 2255 motion and the files and records of the case

2

conclusively show that the prisoner is entitled to no relief." *Rosin*, 786 F.3d at 877 (citation and quotation omitted).

### III. ANALYSIS

#### A. Claim One

Petitioner was represented by Stephen J. Langs. Petitioner contends that "he requested counsel to appeal and counsel refused to do so." (Doc. 1 at 19). Petitioner states that counsel was ineffective because "[c]ounsel had a duty to pursue the Petitioner's Appeal rights upon Petitioner's request." (Doc. 9 at 2). The Government submitted the affidavit of Langs, who stated that he discussed filing an appeal with Petitioner, that Petitioner "specifically" told him not to file a notice of appeal, and that, therefore, he did not file a notice of appeal "per [Petitioner's] direction." (Doc. 4 at 38). Langs also submitted a letter he sent to Petitioner dated December 19, 2014, in which he confirmed Petitioner's decision not to pursue an appeal. (*Id*. at 53).

It is well-settled that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citations omitted). In such a case, prejudice is presumed, and the petitioner is entitled to a new appeal without showing that his appeal would likely have merit. *See id.* at 483 ("The . . . denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, . . . demands a presumption of prejudice."); *Peguero v. United States*, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to

[a new] appeal without showing that his appeal would likely have had merit."); *Rodriguez v. United States*, 395 U.S. 327, 329-30 (1969) (finding that a defendant who instructed counsel to perfect an appeal thereby objectively indicated his intent to appeal and was entitled to a new appeal upon counsel's failure to perfect an appeal without any further showing).

In addition to the duty to file a requested appeal, counsel must consult with a client about an appeal when either: (1) any rational defendant would want to appeal; or (2) the client reasonably demonstrated an interest in appealing. *Flores-Ortega*, 528 U.S. at 480. If a duty to consult exists, counsel must fulfill that duty by "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478; *see also Devine v. United States*, 520 F.3d 1286, 1288 (11th Cir. 2008) (noting "even if the client does not directly request an appeal, counsel generally has a duty to consult with him about an appeal."). If counsel fails to satisfy the duty to consult, a petitioner is entitled to an out-of-time appeal only if he establishes prejudice by demonstrating "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

Petitioner was sentenced on December 8, 2014. Petitioner maintains that he requested his Langs to file an appeal and that the request was disregarded. It is undisputed that Langs did not file a notice of appeal on Petitioner's behalf.

4

In his affidavit, Langs recounted pre-sentencing conversations with Petitioner regarding Petitioner's sentence and the possibility of appeal. (Doc. 4 at 37). Further, immediately after sentencing, Langs recalled discussing with Petitioner his appellate rights. (*Id*. at 38). Langs advised Petitioner against filing an appeal, and Petitioner was in agreement that he should not appeal his sentence. (*Id*.). According to Langs, Petitioner specifically told him "on December 8, 2014, not to file any appeal." (*Id*.).

Langs "expressly told [Petitioner] that per his direction, blessing, and consent, I would not appeal the case and would close my file." (*Id*.). By way of follow-up, Langs sent Petitioner a letter dated December 19, 2014, in which he stated "[y]ou have indicated that you do not wish to appeal your sentence and I agree with your decision. All matters have now been completed that were covered under the Order of Appointment of this office in your case . . . . I can no longer represent you without further order of the court and the file in your case will be closed." (*Id*.). In his Replies, Petitioner neither confirms nor denies receipt of Langs' letter, and he does not in any way challenge its contents.

In his Amended Reply, Petitioner states that he told Langs "on the day of sentencing to Appeal, and that counsel simply refused to do so." (Doc. 9 at 1). Generally, in a case in which Petitioner and counsel have filed conflicting affidavits, an evidentiary hearing is necessary to resolve the conflict. In this case, however, the Court will assume for the purpose of this discussion that Petitioner's assertion that he

5

requested that counsel file an appeal following his sentencing is true. And, even assuming the truth of this assertion, Petitioner is not entitled to relief.

Petitioner states that, after sentencing, he asked counsel to file an appeal. However, it is clear from the contents of counsel's affidavit (in which he expresses his certainty that Petitioner never requested that he file a notice of appeal) and from the actions he took on December 19, 2014, by writing a confirmation letter to Petitioner, that Langs did not hear or understand Petitioner's request. If counsel had heard Petitioner's request that he file an appeal, the contents of his follow-up letter to Petitioner on December 19, 2014, would have been nonsensical. In this letter, Langs confirmed that Petitioner did not wish to pursue an appeal, that the file would be closed, and that he would no longer be representing Petitioner. (Doc. 4 at 53). This letter from counsel placed Petitioner on notice that he would not be filing an appeal. Having received no response to his letter or any other communication from Petitioner regarding the filing of an appeal, counsel cannot be said to have acted unreasonably in not filing a notice of appeal.

Moreover, Petitioner does not argue that counsel failed to consult with him concerning an appeal. In any event, there was an express waiver of Petitioner's right to appeal in the Plea Agreement. (Criminal Case Doc. 45 at 13). If there was prompt expression of Petitioner's desire to appeal, as discussed above, it went unheard by counsel, who governed himself with the belief that Petitioner did not wish to file an

appeal. Finally, there do not appear to have been any meritorious or non-frivolous grounds for appeal.

Under the circumstances, counsel was not constitutionally ineffective for his failure to file an appeal, and it is clear that counsel consulted with Petitioner regarding an appeal. Petitioner is not entitled to relief on this claim, and, therefore, Claim One is denied.

**B.    Claim Two**

Petitioner argues that his plea was involuntary because he had been "promised" a sentence of twenty-four months by counsel. (Doc. 9 at 4). Petitioner states that "counsel mislead [him] to believe" that the Court would impose a sentence of twenty-four months. (*Id*). Petitioner also appears to argue that, at sentencing, counsel failed to object to the use of certain prior convictions in calculating his sentence and to raise certain mitigating circumstances at sentencing such as Petitioner's medical conditions. (Doc. 1 at 19-22; Doc. 9 at 4.).

Under the terms of the Plea Agreement, Petitioner waived the right to appeal his sentence, directly or collaterally.

> Sentence appeal waivers are enforceable when made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show that either (1) the court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id*. at 1351. We cannot disregard prior binding precedents—even for policy reasons—until those cases are abrogated by the Supreme Court, or overruled by this Court sitting *en banc*, which has

7

not occurred with respect to *Bushert*. *United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010).

*United States v. Pizarro-Campos*, 506 F. App'x 947, 949 (11th Cir. 2013).

As discussed above, Petitioner entered into a Plea Agreement (Criminal Case Doc. 24) with the Government. Petitioner agreed:

> that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal [his] sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then [Petitioner] is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(*Id*. at 12) (emphasis in original). Petitioner agreed that he was entering into the Plea Agreement freely, voluntarily, and not in exchange for any promises, other than those contained in the Plea Agreement. (*Id*. at 13).

At the plea hearing, the Court informed Petitioner that "[u]nder the plea agreement you're giving up some of your rights to take a direct appeal from a mistake in your sentence." (Criminal Case Doc. 106 at 17). Petitioner stated that he understood. (*Id.*). Petitioner also stated that he was satisfied with the services of his attorney, that he had not been threatened into pleading guilty, that he had read and discussed the Plea Agreement with his attorney, that the Plea Agreement contained all the promises he

8

had made to the Government and all the promises the Government had made to him, and that he was entering his guilty plea freely and voluntarily. (*Id*. at 9-10, 17-18, 26).

Here, it is clear from the Plea Agreement and the plea colloquy that Petitioner knowingly and voluntarily waived his right to appeal his sentence. During the plea colloquy, the Court specifically informed him of the presence of the appeal review waiver, and Petitioner verified that he understood it. Moreover, even if the Court's questions regarding the sentence appeal/collateral review waiver had been insufficiently specific, Petitioner signed the overall Plea Agreement and initialed the page containing the waiver. This, combined with his responses during the plea colloquy, make it manifestly clear that Petitioner understood the full significance of the waiver. Thus, Petitioner's waiver is valid.

The Court is aware that an appeal waiver does not bar a section 2255 claim that either the defendant's plea or the appeal waiver itself is invalid due to ineffective assistance of counsel. *See Patel v. United States*, 252 F. App'x. 970, 975 (11th Cir.2007). However, Petitioner's ineffective assistance of counsel claims deal with sentencing issues or pretrial issues unrelated to the plea or the appeal/collateral relief waiver. As a result, the waiver provision in Petitioner's Plea Agreement precludes this Court from considering this claim, and, therefore, Claim Two is denied.[1]

---

[1] Moreover, the Court notes that, at the plea hearing, Petitioner was specifically informed that he "face[d] the possible sentence of up to 10 years in jail" and that, under the Plea Agreement, Petitioner acknowledged that the maximum sentence would be "ten years imprisonment." (Criminal Case Doc. 45 at 1; Criminal Case Doc. 106 at 11).

## IV. Conclusion

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a certificate of appealability.

4. The Clerk of the Court is directed to enter judgment in favor of Respondent and to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:14-cr-84-Orl-31KRS.

5. The Clerk of the Court is directed to terminate the section 2255 motion (Criminal Case Doc. 105) filed in criminal case number 6:14-cr-84-Orl-31KRS.

**DONE** and **ORDERED** in Orlando, Florida on August 16, 2017.

*[Signature]*
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 8/16

---

There is no question that Petitioner fully understood the consequences of his plea, including the sentence that could be imposed. As a result, the Court finds that Petitioner has failed to show that his plea was involuntary.